336 So.2d 480 (1976)
Eugene AUSTIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1717.
District Court of Appeal of Florida, Third District.
July 23, 1976.
Rehearing Denied September 8, 1976.
*481 Phillip A. Hubbart, Public Defender, and H.T. Smith, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PEARSON, JUDGE.
The defendant was tried upon an information charging him with aggravated assault pursuant to Fla. Stat. § 784.021. He was found guilty by a jury, so adjudicated and sentenced to five years with two and a half years withheld followed by two years probation. The record reveals that the "deadly weapon"[1] used by the defendant was spray from a can containing a chemical substance commonly designated as "mace." The controlling question is whether, under the circumstances of this case, spray from a can of "mace" will support a finding by a jury that a deadly weapon was used in an assault. We hold that the evidence does not support the charge of aggravated assault and we reverse the judgment and sentence with directions to enter a judgment and sentence for assault pursuant to Fla. Stat. § 784.011.
The defendant has in the past performed services for parents claiming the wrongful detention of children. In the present instance, he was employed by a father who claimed the right of custody of a child alleged to have been unlawfully removed by the mother from the state of Missouri. Defendant located the child in Miami, Florida, and having been refused the aid of law enforcement agencies,[2] he and the father forceably took the child from the mother. In the process of abduction, the defendant seized the mother, pulled her head back and sprayed chemical "mace" from a can into her mouth. The evidence that "mace" would not, under such circumstances, produce death or serious bodily harm was uncontroverted. The expert produced by the State testified that serious damage was unlikely. His testimony does not lend itself to any reasonable inference that the substance as used can be deadly.
A deadly weapon has generally been defined to be one likely to produce death or great bodily injury. Goswick v. State, Fla. 1962, 143 So.2d 817. The question of whether a particular weapon involved is to be classed as "deadly" is a factual question to be resolved by the jury. The jury's finding must be based upon evidence or reasonable inferences therefrom of the likelihood to produce death or great bodily injury. See State v. Nixon, Fla.App. 1974, 295 So.2d 121. The jury may consider *482 the character of the assault and the way the weapon is used. Cf. Rogan v. State, Fla.App. 1967, 203 So.2d 24.
In Weaver v. State, Fla.App. 1969, 220 So.2d 53, the District Court of Appeal, Second District, considered a question in which a determination of the character of mace as a weapon was necessary. A police officer responded to a report of a domestic disturbance at the defendant's home. After some investigation, the police officer attempted to enter the home apparently to see whether anyone was seriously injured. He was denied admission by the defendant and after he either sprayed or threatened to spray the defendant with chemical mace, the defendant shot him. Thereafter, having been charged with murder, the defendant claimed self-defense. On appeal, one of the points considered was the propriety of a jury instruction concerning justifiable homicide. The defendant claimed that he resisted an attempt to commit a felony upon him. In considering the question of the nature of the weapon used or displayed by the officer, the court said:
* * * * * *
"Nor do we think the use of chemical Mace as testified to herein, changes the law on the point, the gravamen of which is that a threatened misdemeanor will not, of itself, justify killing the offender. It is almost a precept, which gathers force by repetition, that men do not hold their lives at the peril of unreasonable fears or disproportionate resistance to real or imagined threats. At most, the threatened use of Mace as testified to in this case, even if carried out, could amount to no more than assault and battery, another misdemeanor. For these reasons, and for those apparent hereinafter, the appellant was not entitled to the requested charges and they were properly refused."
* * * * * *
We think that the reasoning applied by the District Court of Appeal, Second District, impels the reversal of the judgment holding the appellant here guilty of an aggravated assault. Upon the other hand, it is clear that an assault was committed and inasmuch as assault is, under the facts of this case, an included offense, we remand the cause with directions to enter a judgment of guilty of assault and for a sentence thereon.
Reversed and remanded with directions.
NOTES
[1] "784.021 Aggravated assault.

"(1) An `aggravated assault' is an assault:
"(a) With a deadly weapon without intent to kill; or
"(b) With an intent to commit a felony."
[2] The father did not seek the aid of the courts of this state. See Fox v. Fox, Fla.App. 1965, 179 So.2d 103.