FERGUSON, Judge.
The issue on appeal is whether the trial court erred in adjudicating M. R. R., a juvenile, delinquent for aggravated assault with a deadly weapon where the State conceded that M. R. R. had used a starter gun. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(A).
If the instrument used in an assault is a firearm as defined by Section 790.-001(6), Florida Statutes (1981), then that instrument is a deadly weapon as a matter of law for the purpose of the aggravated assault statute, Section 784.021(l)(a) Florida Statutes (1979), regardless of whether it is loaded or capable of being fired. See, Warren v. State, 332 So.2d 361 (Fla.3d DCA 1976) (pistol is a deadly weapon whether operable or inoperable). See, e.g., Machado v. State, 363 So.2d 1132 (Fla.3d DCA 1978), cert. denied, 373 So.2d 459 (Fla.1979) (trial judge in ruling that pistol was “firearm” correctly did not consider operability). Cf. Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970) (stating gun is deadly weapon whether loaded or unloaded, but finding question was for jury).
Where the instrument used is not a firearm as statutorily defined, Florida courts also apply an objective test and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator in determining whether the instrument is a deadly weapon for purposes of the aggravated assault statute. Whether the instrument is used as a deadly weapon under the circumstances of the case becomes a question of fact to be resolved by the trier of fact. See Goswick v. State, 143 So.2d 817 (Fla.1962) (nature of weapon characterizes assault as aggravated; whether steel rod was deadly weapon was jury question); McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978) (cigarette lighter neither statutorily defined as weapon nor used or threatened to be used as weapon when merely pointed at victim as if were gun); J. M. C. v. State, 331 So.2d 366 (Fla. 3d DCA 1976) (upholding jury determination of stick as deadly weapon); State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974) (whether pocket knife is deadly weapon is for trier of fact); Forchion v. State, 214 So.2d 751 (Fla. 3d DCA 1968) (whether stick was deadly weapon was question for jury). See, e.g., Austin v. State, 336 So.2d 480 (Fla. 3d DCA 1976) (chemical spray was not deadly weapon); Rogan v. State, 203 So.2d 24 (Fla. 3d DCA 1967) (flower pot not deadly weapon), and cases collected, footnote 1, in Rogan v. State, supra at 25.
Since the State concedes that the instrument in this case was a starter gun, we must determine whether the trial court could find as a matter of law that M.R.R. used a deadly weapon. The relevant part of Section 790.001(6) provides: “Firearm” means any weapon (including starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.
A starter gun is not designed to fire a projectile. It was then the State’s burden to prove that the starter gun could expel a projectile by the action of an explosive, or that it could readily be converted to do so. See M. M. v. State, 391 So.2d 366 (Fla. 1st DCA 1976), cert. denied, 411 So.2d 384 (Fla.1981) (starter gun could not be readily *985 converted). On this question no evidence was presented. Because the state failed to prove that the “fake gun” in this case was a deadly weapon either because it was a firearm as statutorily defined and thus a deadly weapon per se, or because it was in fact used as a deadly weapon, the finding that the instrument was a deadly weapon cannot stand. Accordingly, we reverse the adjudication of delinquency based on aggravated assault with directions that the trial court enter an adjudication of delinquency based on simple assault.
Reversed and remanded.