FERGUSON, Judge.
Appellant, a juvenile, was adjudicated delinquent for aggravated assault by use of a shotgun. By this appeal he contends that the court erred in applying a subjective test to find that the instrument used was a deadly weapon where objective proof was lacking. We agree and reverse.
The testimony of the victim, who had twenty-six years military service with the United States Air Force, had an “expert” rifle rating, and was at one time a member of a “Scattergun” team, was that the weapon used by I. 0. was not a toy gun, but a *43 real shotgun. I. O. and a companion juvenile testified that the instrument in their possession was not a real shotgun but a lightweight toy replica which had been examined by a police officer in the neighborhood earlier that same day.
After the evidence was presented and counsel had concluded their arguments, the court made oral findings of fact and conclusions of law. The pertinent parts are found at page 38 of the record:
... I cannot find, beyond, and to the exclusion of any reasonable doubt that this was, in fact, a deadly weapon ... I would be tending to find, however, that the victim reasonably believed it to be a deadly weapon ... My understanding of the law is, that it is the same thing as a deadly weapon, if the victim reasonably believed it to be such. But, if I’m in error on the Law on the subject, I would most certainly not find them guilty of an aggravated assault, simply of a simple assault, if I find guilt at all....
The trial court’s clearly stated findings of fact and conclusion of law has simplified this review. Also in all fairness, the state of the law — whether the courts of this state apply the objective test or the subjective test for the purpose of determining a deadly weapon — has been unsettled until recently-
Where the instrument used is not a firearm, Florida courts apply an objective test and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator in determining whether the instrument is a deadly weapon for purpose of the aggravated assault statute, Section 784.-021(l)(a), Florida Statutes (1979). M. R. R. v. State, 411 So.2d 983 (Fla.3d DCA 1982). It is the nature of the weapon which characterizes an assault as aggravated. Goswick v. State, 143 So.2d 817 (Fla.1962). Where the evidence does not support a finding that the instrument used was a deadly weapon, the trial court should grant a motion for judgment of acquittal as to the aggravated nature of the assault. M. M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980) (Docket No. 60,135, review denied 12/21/81).
The trial court having found the evidence insufficient to establish beyond a reasonable doubt a deadly weapon was used could not, as a matter of law, enter an adjudication for aggravated assault.
We reverse the adjudication of delinquency for aggravated assault and remand with directions that the court enter an adjudication for simple assault.