431 So.2d 648 (1983)
Eduardo MORALES, Orestes A. Hernandez, Julio M. Barzaga, and Estavislao H. Canton, Appellants,
v.
The STATE of Florida, Appellee.
No. 81-1900.
District Court of Appeal of Florida, Third District.
April 26, 1983.
Rehearing Denied June 6, 1983.
*649 Bennett H. Brummer, Public Defender, and Elliot Scherker, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Penny Hershoff Brill, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
The four appellants were jointly indicted for kidnapping (Count I), sexual battery with use of great force or a deadly weapon (Count II), and unlawful display of a firearm during commission of a felony (Count III). A jury trial was held and two of the appellants, Barzaga and Canton, were found guilty as charged. The remaining two appellants, Morales and Hernandez, were convicted of the lesser offenses of false imprisonment and sexual battery with use of slight force. Morales and Hernandez were found not guilty as to Count III, unlawful display of a firearm.
Barzaga and Canton were sentenced to concurrent life sentences each for the kidnapping and sexual battery counts. The three year minimum mandatory sentence was imposed as to Count III, again, concurrent with the other sentences. Morales and Hernandez, juveniles at the time the crimes were committed, were sentenced under the Florida Youthful Offender Act, Chapter 958, Florida Statutes (1979), to four years imprisonment to be followed by two years in a community control program as defined by section 958.03(2), Florida Statutes (1979).
Appellants raise two points on appeal. The first point concerns allegedly prejudicial comments made by the victim during her testimony. Appellants argue that the comments were so prejudicial, inflammatory, and calculated to influence the jury that the trial court was obligated to grant defense motions for a mistrial. We find this argument to be without merit. A motion for a mistrial is addressed to the sound discretion of the trial court, Ferguson v. State, 417 So.2d 639 (Fla. 1982); Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982) and cases cited therein, and "the power to declare a mistrial and discharge a jury should be exercised with great care and should be done only in cases of absolute necessity." Salvatore v. State, 366 So.2d 745, 750 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). We do not find that the trial court abused *650 its discretion in refusing to declare a mistrial, particularly where the trial court immediately issued a curative instruction telling the jury to disregard the comments in question because they related to another matter; "a totally different part of her life."
Appellants' second point on appeal concerns the gun displayed by the appellants during the course of the sexual battery.[1] The victim testified that the gun looked like a small .22 caliber gun. It was, in fact, a starter pistol.
Section 790.001(6), Florida Statutes (Supp. 1980), states in relevant part: "`Firearm' means any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive..." Section 775.087, Florida Statutes (1981), provides for a minimum mandatory three year sentence for a person convicted of one of the enumerated crimes and who had in his possession a "firearm" as defined by section 790.001(6).
Appellants argued during the trial that the State had the burden of proving that the starter gun either had been, or could readily be, converted to fire a bullet. The State argued that the burden was on the defendants to prove that the gun wasn't readily convertible. The trial court, while making no specific finding as to the ability of the starter to fire a bullet, obviously accepted the State's contention because it sentenced appellants Barzaga and Canton to the three year minimum mandatory sentence required by section 775.087. This was an incorrect application of the law and we therefore reverse on this issue.
In M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982), this court said that it is the State's burden to prove that a starter gun could expel a projectile by the action of an explosive, or that it could be readily converted to do so. The court noted that Florida courts look to the nature and the actual use of the instrument in determining whether the instrument is a deadly weapon. The subjective fear of the victim or the intent of the perpetrator is not a consideration. The court then went on to hold that because the State failed to prove that the "fake gun" was a deadly weapon, either because it was a firearm as statutorily defined and therefore a deadly weapon per se, or because it was in fact used as a deadly weapon, the finding that the starter gun was a deadly weapon could not stand. Id. at 985. Accord, I.O. v. State, 412 So.2d 42 (Fla. 3d DCA 1982). See also M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980), where the court found that a starter gun with a warped barrel was not a "firearm" under the statute because there was no evidence that the pistol could be readily converted to expel a projectile.
Here, as in the above cited cases, there is no evidence that the starter gun displayed during the sexual battery either had been converted or could be readily converted to fire a bullet. Therefore, we cannot find that the starter pistol was a "firearm" within the meaning of section 790.001(6) or that there was a possession of a firearm within the meaning of section 775.087.[2]
Accordingly, we affirm the defendants' convictions herein and we reverse that part of the sentence which imposes a minimum mandatory three year imprisonment for possession of a firearm while committing a felony.
Affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.
NOTES
[1] This issue concerns only appellants Barzaga and Canton since Morales and Hernandez were found not guilty as to this count of the indictment.
[2] In finding that the starter pistol was not a firearm, we leave undisturbed the original convictions for kidnapping and sexual battery with great force. There was ample evidence presented from the victim, a doctor from the JMH/Rape Treatment Center and two police officers, for the jury to find that the appellants did forcibly confine, abduct, or imprison the victim and that they used actual physical force designed to cause her serious personal injury during the sexual battery, even without the use of a firearm. Cotton v. State, 395 So.2d 1287 (Fla. 1st DCA 1981).