435 So.2d 375 (1983)
David M. HARPHAM and Leo Pitre, a/k/a Gary Dubois, Appellants,
v.
STATE of Florida, Appellee.
Nos. 82-326, 82-339.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
*376 James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Harpham and Pitre, co-defendants below, appeal from their convictions and sentences for armed robbery. The primary issue in this case is whether or not the proofs at trial were sufficient to create a prima facie case to enable the jury to determine that appellants "carried a firearm or other deadly weapon" within the scope of section 812.13(2)(a), Florida Statutes (1981). We conclude that in this case the proofs were insufficient.
Appellants also argue that the information in this case was fatally defective because it failed to allege an intent to permanently deprive the victim of his property. The information claimed that the appellants did "in violation of Florida Statute § 812.13(2)(a), by force, violence, assault or putting in fear, take away from the person or custody of [the victim] certain property... ." Although this may have been an imperfect allegation,[1] it was not fundamentally deficient. Lowery v. State, 418 So.2d 1123 (Fla. 5th DCA 1982); Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982).
The victim testified at trial that Harpham approached him at a bar and offered to set him up with a girl for twenty dollars. Harpham took him to a hotel room where he was assaulted and robbed by three other men, one of whom was Pitre. Pitre pointed a gun at his head while the others took his wallet, keys, lighter and $120.00 from his pockets. A security guard took the gun from Pitre, and it was put into evidence at the trial. Other than Pitre's gun, no other firearm or weapon was involved in the crime.
Two police officers testified concerning the nature of Pitre's weapon. The weapon was a .22 caliber starter pistol designed to detonate small gun powder explosives. A piece of metal blocked the gun's barrel and cylinder. In order for the pistol to be able to expel a projectile, the cylinder and barrel would have to be drilled. One witness said an electric drill would be the best tool to convert the pistol. The other testified that a nail and hammer would suffice. Both said the pistol might explode if it was drilled and fired. There was no testimony that there was a nail or drill, or other item which could clear the metal from the gun, at the crime scene.
Conviction under section 812.13(2)(a) requires proof that the offender carried a "firearm or other deadly weapon." Section 790.001(6), Florida Statutes (1981), defines "firearm" as:

*377 [A]ny weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun.
Section 790.001(13), Florida Statutes (1981), defines "weapon" as:
[A]ny dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocket-knife.
Because a pistol is excluded from the definition of "weapon," and it was not used or sought to be used as a bludgeon in this case,[2] it can only satisfy section 812.13(2)(a) by qualifying as a "firearm."
We think the proofs in this case were insufficient to show that the starter pistol used in the crime was a firearm. There was no testimony that it was capable of "expelling a projectile" pursuant to section 790.001(6) in its present condition, or that it was readily convertible for such purpose. M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982), M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980). The pistol used in this case is analogous to a fake firearm or toy. See McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978).
Although the proofs in this case were insufficient to support appellants' conviction under section 812.13(2)(a), they were sufficient under section 812.13(2)(c), Florida Statutes (1981). Because the latter is a lesser included offense of the former, we remand this case for entry of judgment of robbery under section 812.13(2)(c), and for imposition of sentence thereunder.
AFFIRMED AS MODIFIED AND REMANDED FOR RESENTENCING.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Bell v. State, 394 So.2d 979 (Fla. 1981).
[2] Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979) (Downey, J., dissenting).