441 So.2d 188 (1983)
Raymond RIDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-905.
District Court of Appeal of Florida, Fifth District.
November 25, 1983.
James B. Gibson, Public Defender, and Theresa K. Edwards, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Ridley appeals from adjudications and sentences based on five counts of robbery with a firearm.[1] As in Harpham v. State, 435 So.2d 375 (Fla. 5th DCA 1983), the evidence disclosed that Ridley used a .22 caliber starter pistol in the robberies rather than a firearm. Ridley argues the trial court erred in failing to grant his motion for acquittal on that ground. We think the court erred in adjudicating Ridley guilty of the first degree felonies, based on these proofs.
It was established at trial that Ridley used an unmodified starter pistol which was incapable of firing a projectile. In order to expel a bullet, the barrel of Ridley's starter pistol would have to be drilled with a drill and drill bit. A starter pistol like Ridley's in its original, unmodified state is not designed to expel a projectile, nor is it readily convertible to such purpose. It therefore does not satisfy the definition of "firearm" in section 790.001(6), Florida Statutes (1981): "[A]ny weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive... ." Since the element of carrying a "firearm or other deadly weapon" is essential to establish the *189 first degree felony crime of robbery, section 812.13(2)(a), Florida Statutes (1981), Ridley's convictions cannot stand.
We are aware that some starter pistols, unlike Ridley's, are designed to be manually converted for firing projectiles. Such a weapon might qualify as a firearm under section 790.001(6), but we do not think a pistol like Ridley's is readily convertible, nor do we think that the presence of a hammer and nail, or even a drill and drill bit at the crime scene would transform Ridley's type of starter pistol into a weapon defined by section 790.001(6). We recede from any dictum to the contrary in Harpham.
We remand this case for entry of judgments under section 812.13(2)(c), Florida Statutes (1981), and for imposition of sentences thereunder.
SENTENCES AND JUDGMENT VACATED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1981).