HERSEY, Chief Judge.
William R. Fox appeals from an order denying his motion for post-conviction relief.
Fox entered a plea of nolo contendere to two counts of robbery with a firearm, was convicted and received a sentence of three and one-half years’ imprisonment, with a mandatory minimum of three years. He did not appeal.
Subsequently, Fox filed the motion under review here. He alleges, first, that the minimum mandatory aspect of his sentence is illegal because the “weapon” used in the robbery was a starter pistol. Secondly, he alleges the incompetence of trial counsel in refusing to timely bring this deficiency to the attention of the trial court.
The questions presented are not as simply disposed of as appellant supposes. There are several steps between his allegation that no firearm was involved and a determination that the sentence imposed was illegal. A determination that trial counsel provided ineffective assistance also has consequences different from those which appellant apparently anticipates.
The motion contains the following allegations pertinent to the first basis for relief:
9. The first ground that Defendant claims in this Motion is that the sentence is illegal in that the “firearm” used to invoke § 775.087(1), Fla.Stat. failed to meet the required definition under § 790.001(6), Fla.Stat.
10. The facts supporting this ground áre:
At a bond hearing, on or about November 19, 1984, before the Honorable Carl Harper, a detective for the Boca Raton Police Dept, testified that the type of gun used was a .22 cal. starter pistol incapable of firing or being modified to fire a projectile ... ‘the same type as used at a track meet’. (Emphasis added.)
As defined in § 790.001(6), Fla.Stat., “Firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive. The starter gun, in the instant case, was not designed to nor would it fire a projectile, and in addition was incapable of being modified to expel a projectile as was testified to in the hearing in the preceeding (sic) paragraph. As such the starter pistol used in the instant case fails to meet the requirements of the definition of “firearm” as defined in § 790.001(6), Fla.Stat. See: Harpham v. State, 435 So.2d 375 (Fla. 5th DCA 1983), Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983), and Watson v. State, 437 So.2d at 705 (Fla. 4th DCA 1983).
The allegations regarding the detective’s testimony are totally unsupported by the record. As a matter of fact, the detective testified that he did not know if the weapon was a starter pistol. In answer to a question, he indicated only that it was capable of firing blanks. The following is from the transcript of the bond hearing relied upon by appellant:
*312 Q. Is it true, Officer, that the firearm you found was a starter pistol that was incapable of firing bullets?
A. Was it a starter pistol; I don’t know.
Q. It fires blanks; does it not?
A. Yes.
We next consider whether the court properly determined that there was a factual basis for the plea of nolo contendere.
The state recited into the record the following, none of which was objected to at any time or in any way by the defense:
By the state:
The facts of the crime relate back to an incident on October 3rd, 1984. At that time, Mr. Fox entered the Barnett Bank located on North Federal Highway in Boca Raton, Palm Beach County, Florida. At that time, he was wearing sunglasses and a baseball cap.
He approached the tellers at the bank, Pearl Jordan and Leona Feeney. Ms. Jordan told the police the defendant came into the bank, came directly up to her counter, reached over the counter with his hand in a pouch-type collapsible brown leather attache case. His hand was on a dark-framed brown handled handgun and stated, “This is a robbery, give me all of your twenties and fifties in the bottom drawer.”
After Pearl Jordan did this, the defendant stated, “Give me what’s in the top.” Ms. Jordan gave him the money.
The defendant with his hands still on the gun went to the next teller, Ms. Feeney, stating “This is not a joke, this is a robbery, give me what’s in your bottom drawer.”
Later in the state’s presentation, referring to apprehension of appellant and a search of his car, the following statements are reported:
In searching the car they came up with the sunglasses, the baseball hat, the money covered with red dye, which was about, I believe twenty-six thousand dollars and the starter pistol.
Mr. Seymour, the witness from outside of the bank, positively identified Mr. Fox as the individual he saw running from the bank on that date.
THE COURT: All right. Do you admit that factual basis is true and that you are guilty of it and that there is sufficient evidence to convict you of it?
THE DEFENDANT: Yes, Your Hon- or.
It seems clear that if this testimony which the state proposed to present had been heard by a jury, a conviction and sentence based upon use of a firearm would not be disturbed on appeal. Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983), approved in part, 453 So.2d 810 (Fla.1984).
At his sentencing hearing, appellant himself stated, “[t]he weapon that I used going into the bank is one which I didn’t use because I didn’t want anybody hurt.” The clear inference is that had he used or fired the weapon someone might have been hurt.
It is also well established that only by a showing that manifest injustice would otherwise result will a determination that a factual basis exists for a plea be overturned. Williams v. State, 316 So.2d 267 (Fla.1975).
The essence of appellant’s first ground for collateral attack is that the so-called weapon used by him in the robbery did not qualify under the statute as a “firearm,” and that the sentence containing a minimum mandatory portion was therefore illegal. We reject that contention as not supported by the record.
Appellant’s second basis for collateral attack parallels the first, but with an additional ingredient. His position is that trial counsel rendered ineffective assistance by failing to bring to the trial court’s attention appellant’s contention that the “weapon” employed in the robbery was not a firearm within the contemplation of the applicable statute. The consequences of successful assertion of this defense is that appellant will be permitted to withdraw his plea and proceed to trial. We note that he has not, either in this court or in the trial court, moved to withdraw or indicated a desire to withdraw the plea, apparently assuming that a more immediate and beneficial result attends success here. Should he prevail on this point on appeal, the trial court will *313 afford him the opportunity to withdraw the nolo plea and to enter a plea of not guilty.
The record discloses extensive discussions between the court, counsel and appellant himself indicating that because a “firearm” was involved there would be a minimum mandatory sentence imposed. Appellant’s motion itself demonstrates that appellant knew, at all pertinent times, that it would be important to bring to the court’s attention appellant’s contention that no “firearm” within the contemplation of the statute was involved in this robbery. Appellant’s motion also demonstrates that it is clear beyond question that defense counsel knew, because he was advised on several occasions by appellant even if he did not otherwise know, of the importance of bringing this alleged fact to the attention of the court. Not explained is why appellant himself failed to do so, understanding the consequences and carrying on a discourse with the court on at least two occasions. Instead, appellant now relies on what he characterizes as his counsel’s inexplicable and obstinate refusal “to explain [to the trial court] that the type of starter pistol used in this case would not fire a projectile nor could it be modified to do so....”
Although appellant’s subjective account of proceedings in the trial court is unsupported by anything presented to this court in the motion, or in those portions of the record which have been made available to us, we understand our obligation under the state of the law applicable to this particular proceeding to require that appellant be afforded the opportunity in an evidentia-ry hearing to establish ineffective assistance of trial counsel on the basis advanced by him here. Success in the trial court will afford appellant the opportunity to withdraw his plea of nolo contendere and to proceed, ab initio, to defend against the charges against him. We therefore reverse and remand on this limited basis. We note that appellant will have the burden to establish ineffectiveness. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Downs v. State, 453 So.2d 1102, 1105 (Fla.1984).
ANSTEAD and GLICKSTEIN, JJ., concur.