ERVIN, Judge.
Appellant, David Earl Charley, raises five issues involving this criminal appeal from his convictions and sentences for one count of carrying a concealed firearm and eight counts of petit theft. We agree with appellant that the trial court erred in denying his motion for judgment of acquittal on the charge of carrying a concealed firearm, because the state failed to provide competent, substantial evidence that the starter pistol found in appellant’s pocket was a “firearm” as defined in Section 790.001(6), Florida Statutes (1989), and. therefore reverse on that point. We affirm the four remaining issues without further comment and agree that the evidence was legally sufficient to convict him for the petit theft offenses.
A starter pistol was discovered in appellant’s pocket at the time of his arrest, and he was subsequently charged with carrying a concealed firearm, in violation of Section 790.01(2), Florida Statutes (1989). The term “firearm” is defined as “any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile.” § 790.001(6), Fla.Stat. (1989). A starter pistol is designed to detonate small gunpowder explosives [1] or blanks,[2] and therefore is not designed to fire a projectile. M.R.R. v. State, 411 So.2d 983, 984 (Fla. 3d DCA 1982). Consequently, it was the state’s burden to prove that the starter gun could either expel a projectile, or be readily converted to do so. Id.
The barrel of the starter pistol at bar was substantially blocked by a metal plug, and each chamber of the pistol’s cylinder was blocked by a circular piece of metal formed inside the cylinder. The only other evidence submitted regarding the starter pistol was the testimony of Officer White, who stated that if one fired the gun, “it would probably blow up in your face.” Although he testified that “[y]ou could probably” put a bullet or cartridge in the cylinder, he admitted that he was not a firearms expert, and that he did not know whether the starter pistol could expel a projectile.
We hold that the above evidence is legally insufficient to sustain the conviction. See M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980) (starter pistol that had a warped barrel with two bars in it could not fire a projectile, and because it could only be converted by an expert, it could not be considered a firearm), review denied, 411 *7 So.2d 384 (Fla.1981); Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983) (even if a drill had been present at the crime scene to unplug the starter pistol’s barrel, the gun did not qualify as a firearm, because it could not readily be converted to expel a projectile); Harpham v. State, 435 So.2d 375 (Fla. 5th DCA 1983) (proofs were insufficient to show that starter gun with plugged barrel which required drilling in order to expel a projectile was a firearm within the meaning of section 790.001(6)).
Because the state has failed to prove an essential element of the crime, namely, that the weapon in question could either expel a projectile or be readily converted to do so, we reverse appellant’s conviction for carrying a concealed firearm and the 10-year habitual felony offender sentence imposed therefor with directions that he be discharged as to such offense.
AFFIRMED in part and REVERSED in part and REMANDED for further consistent proceedings.
SHIVERS and WIGGINTON, JJ., concur.

. Harpham v. State, 435 So.2d 375, 376 (Fla. 5th DCA 1983).

. M.M. v. State, 391 So.2d 366, 370 (Fla. 1st DCA 1980), review denied, 411 So.2d 384 (Fla.1981).