PARKER, Judge.
Lawrence Louis Thayer appeals his conviction for robbery with a firearm and the sentence imposed thereon. We remand for entry of a judgment of robbery without a firearm and for resentencing.
Thayer seeks to suppress the victim’s photopack identification of him. We conclude that the trial judge’s findings are supported by the record and that he did not abuse his discretion in concluding that there was not a substantial likelihood of irreparable misidentification. See Grant v. State, 390 So.2d 341 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).
We, however, agree with Thayer in his argument that he could not be convicted of possessing a firearm during the robbery. A “[fjirearm means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.” § 790.001(6), Fla.Stat. (1989). Thayer wielded a starter pistol during the robbery. There was a plug in the pistol and the trigger action did not work. Most courts have held that an unmodified starter gun does not *151 meet the requirements of a firearm. See, e.g., Charley v. State, 590 So.2d 5 (Fla. 1st DCA 1991); Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983); Morales v. State, 431 So.2d 648 (Fla. 3d DCA 1983). But see Nash v. State, 374 So.2d 1090 (Fla. 4th DCA 1979). A starter gun generally is not designed to expel a projectile. The gun in this case would not expel a projectile. Further, the starter gun in this case could not be converted readily to expel a projectile in that the plug in the pistol would have to be drilled and the trigger mechanism was not working. Thus, this case must be remanded for entry of a judgment under section 812.13(2)(c), Florida Statutes (1989).[1] See Ridley.
Lastly, the trial court stated at the sentencing hearing that sentencing pursuant to the habitual violent felony offender statute was mandatory. The trial court did not have the benefit of the supreme court’s decision in Burdick v. State, 594 So.2d 267 (Fla.1992). The Burdick court held that the trial court is not required to sentence a habitual offender to a habitual offender sentence. The trial court may reconsider upon resentencing whether it should impose a habitual violent felony offender sentence.
Remanded for entry of a judgment of robbery pursuant to section 812.13(2)(c), Florida Statutes (1989) and for resentenc-ing.
THREADGILL, A.C.J., and BLUE, J., concur.

. That subsection provides:
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.