ANTOON, Judge.
Michael Dobosh appeals his conviction for aggravated assault with a firearm,[1] arguing that the trial court erred by excluding expert opinion testimony that he had experienced an “alcohol-induced blackout.” We reverse.
Prior to trial, the state filed a motion in limine to exclude the testimony of Dr. Tell, the defendant’s expert witness, regarding the defense of voluntary intoxication. Following arguments of counsel, the trial court granted the motion, ruling that Dr. Tell’s testimony was irrelevant and hearsay.
At trial, the defendant testified regarding his defense of voluntary intoxication. He told the jury he had been drinking and using drugs in February of 1995, the month in which the charged offense occurred. He explained that at that time he drank excessive amounts four to five times a week and used up to five grams of marijuana each day. In addition to alcohol and marijuana consumption, the defendant claimed that he used cocaine three to four times each week and LSD two to three times each week. The defendant testified that he had no recollection of the alleged incident. On cross examination, he admitted going to work “stoned” on many occasions and could not recall whether or not he had consumed alcohol or ingested drugs on the date of the incident. Importantly, defense counsel again requested permission to introduce Dr. Tell’s testimony however, the trial court denied the request.
It is well understood that voluntary intoxication is a legal defense to specific intent crimes. Bunney v. State, 603 So.2d 1270 (Fla.1992). The crime at issue in this case, aggravated assault, is a specific intent crime. Therefore, contrary to the trial court’s ruling, the proffered evidence relating to the defendant’s use of drugs and alcohol around and during the time of the offense was relevant.
The trial court also ruled that Dr. Tell’s testimony was inadmissible hearsay because by introducing Dr. Tell’s testimony, the defendant could place his self-serving statements before the jury without subjecting himself to the rigors of cross-examination. See Cirack v. State, 201 So.2d 706 (Fla.1967). In the instant case, this concern was dispelled because the defendant testified specifically about his drug and alcohol consumption and was subject to cross-examination by the state. Therefore, under these facts, it was error for the trial court to exclude Dr. Tell’s testimony. See Burch v. State, 478 So.2d 1050 (Fla.1985), ajfd in part, 522 So.2d 810 (Fla.1988).
The defendant also argues that there was insufficient evidence to support the finding that a firearm was used in committing the assault. This argument is without merit. The instant record contains sufficient objective testimony regarding the nature and use of the firearm by the defendant. See I.O. v. State, 412 So.2d 42 (Fla. 3d DCA 1982).
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON, C.J., and THOMPSON, J., concur.

. §§ 784.02(l)(a) and 775.087(2), Fla.Stat. (1993).