758 So.2d 1282 (2000)
Deangelo Andre EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2508.
District Court of Appeal of Florida, Third District.
June 14, 2000.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Paulette Taylor, Assistant Attorney General, for appellee.
Before GODERICH, GREEN, and SORONDO, JJ.
GODERICH, Judge.
The defendant, DeAngelo Andre Evans, appeals his convictions for two counts of armed robbery with a firearm and one count of attempted armed robbery with a firearm. We affirm, in part, and reverse, in part.
At trial, a police officer testified that the "gun" used during the alleged robbery and attempted robbery was a starter pistol. He further testified that when he test-fired the starter pistol, it made a loud "pop." The State did not present any evidence that the starter gun expelled a projectile when it was test-fired or that the starter pistol could readily be converted to expel a projectile.
At the close of the State's case, the defendant moved for a judgment of acquittal arguing that the State had failed to prove that the defendant used a firearm during the alleged robbery. Specifically, the defense argued: "What we have here is a starter pistol with absolutely no testimony from anyone that it's capable of expelling an object, which is what must be done so it can be considered a firearm." The trial court denied the defendant's motion for judgment of acquittal. The jury returned a verdict finding the defendant guilty of two counts of armed robbery with a firearm and one count of attempted armed robbery with a firearm.
The defendant contends that the trial court erred by denying his motion for judgment of acquittal. We agree.
Section 790.001(6), Florida Statutes (1997), defines "firearm" as "any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an *1283 explosive; the frame or receiver of any such weapon; any device; or any machine gun...." A starter pistol is not designed to expel a projectile. Thayer v. State, 609 So.2d 150, 151 (Fla. 2d DCA 1992), review denied, 618 So.2d 211 (Fla.1993); Charley v. State, 590 So.2d 5 (Fla. 1st DCA 1991). As such, the State has the burden of proving that "the starter gun could either expel a projectile, or be readily converted to do so." Charley, 590 So.2d at 6.
The only evidence that the State presented on the issue of whether the starter pistol was a "firearm" as defined by section 790.011(6) was that when the police officer test-fired the starter pistol, it made a loud "pop" sound. The only inference that can be drawn from this testimony was that the starter pistol did exactly what it was designed to do, make a loud noise. Because the State's evidence was legally insufficient to establish that the starter pistol was a "firearm," we reverse and remand for entry of judgments of conviction for two counts of robbery and one count of attempted robbery and for resentencing in conformity therewith.
The remaining issues that were raised by the defendant lack merit.
Affirmed, in part; reversed, in part; and remanded for entry of judgments and resentencing.