838 So.2d 637 (2003)
Anthony J. AKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2288.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
*638 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Anthony Akins appeals his conviction for armed robbery with a firearm or deadly weapon. Akins contends that his conviction should be reversed because the state failed to present any evidence that the item he carried "was designed or may readily be converted to expel a projectile by the action of an explosive." Because there was no evidence to establish that he possessed a firearm, Akins argues, he cannot be convicted as charged. We affirm.
Akins was charged by information for robbing a Lil Champ convenience store with a firearm or deadly weapon. Shortly before the robbery, Akins met his foster brother, Michael Floyd, near the store. Akins told Floyd that he was going to rob the store because he owed people money. After talking with Akins, Floyd called his foster mother and then returned to the store. Floyd arrived while the police were investigating the robbery. After talking with his foster mother again, Floyd spoke to the police and identified Akins as the person he thought robbed the store. The police obtained a photograph of Akins, and the victim, who stated that she had attended high school with Akins, identified Akins as the robber.
The victim testified that Akins walked into the store with his face covered. He approached the counter and demanded money. Akins leaned over the counter when she explained that most of the money was in a drop box rather than in the cash drawer, and she got a good look at his face. The victim also testified that Akins placed the firearm on the counter, pointed it at her, and told her to give him all the money:
It wasit looked like a shotgun, but it wasn't as long as a shotgun was, so I'm assuming it was a sawed-off shotgun. I know I've heard of that before. I've heard of people cutting off the end so it's shorter. That's what I believe it was. To be for sure, I'm not definite.
Akins argues that Evans v. State, 758 So.2d 1282 (Fla. 3d DCA 2000), and Stanley v. State, 757 So.2d 1275 (Fla. 4th DCA 2000), support his argument that his conviction should be reversed. We disagree. The defendant in Evans was convicted *639 of two counts of armed robbery with a firearm. A police officer testified that the "gun" used in the robbery was a starter pistol, and that although it did not expel a projectile when tested, it made a loud "pop." Id. at 1282. After examining the statutory definition of firearm, the district court reversed the convictions holding that "the State's evidence was legally insufficient to establish that the starter pistol was a `firearm.'" In contrast to Evans, in the instant case there was no evidence that the weapon pointed at the victim could not expel a projectile.
Similarly, Stanley is not applicable. In Stanley, for reasons unknown, the state charged the defendant with robbery with a weapon instead of robbery with a firearm, although the evidence was that he used a firearm. After reviewing the statutory definitions of firearm and weapon, the district court stated that the defendant could have been convicted of robbery with a firearm if that had been the charge. However, the court held, he could not be convicted of the crime charged, robbery with a weapon, because firearms are excluded from the statutory definition of "weapon." Id. at 1277-1278. Stanley is not applicable to the instant case because Akins was charged with robbery with a firearm and convicted of robbery with a firearm.
Akins is accurate when he alleges that no firearm was recovered and that none was discharged at the scene. However, the direct evidence and the circumstantial evidence in this case support the conviction. It is not fatal to the prosecution if the state does not introduce the weapon into evidence. Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985) (evidence sufficient to convict where, although the victim did not see a weapon, the defendant told the victim it was a razor blade, and the victim felt a cold, hard object at his throat). Eyewitness testimony that the defendant possessed a firearm is sufficient evidence to support a finding that the defendant was in possession of a firearm. See e.g. id.; Crump v. State, 629 So.2d 231 (Fla. 5th DCA 1993). Further, a conviction does not require a showing that the firearm is loaded or operational. Bentley v. State, 501 So.2d 600 (Fla.1987).
In the instant case, the victim's testimony that she thought the weapon was a sawed off shotgun, coupled with Akins's nonverbal implication that he would use it against the victim, sufficed to support a finding that Akins possessed a firearm during the robbery. Compare T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984) (affirming conviction where two witnesses testified that the defendant had what appeared to be a gun, and the defendant threatened to shoot and to blow out the witness's brains); Thompson v. State, 748 So.2d 394 (Fla. 1st DCA 2000) (victim's knowledge goes to the weight of the testimony, and therefore testimony that the victim had seen a gun handle when the defendant lifted his shirt, but that the witness had seen guns only in movies, was properly submitted to the jury).
AFFIRMED.
SHARP, W., and SAWAYA, JJ. concur.