929 So.2d 1133 (2006)
T.N., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1969.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
*1134 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
T.N., a child, appeals from an order which adjudicated him delinquent for having committed the offense of attempted robbery with a weapon, and which placed him at a restrictiveness level six, contrary to the recommendation of the Department of Juvenile Justice. We affirm the adjudication of delinquency, but reverse the sentence and remand for resentencing.
The only evidence presented at the adjudicatory hearing to prove that T.N. possessed a weapon, while attempting to rob the victim of a necklace or chain, was the testimony of the victim. The victim said that while he was leaving school, he was accosted by T.N. and two other boys. T.N. told him to remove his chain. When he refused, T.N. threatened him and lifted his shirt to reveal a white and black gun in the small of his back. One of the boys hit the victim's neck and jumped on his back. The victim was able to run away, and contacted the police.
*1135 During the direct testimony of the victim, the following exchange occurred:
Q. Okay. Now, you say you saw a weapon when he pulled up his shirt.
A. Yes.
Q. What kind of weapon did you see?
A. It was white  it was like a stone color, and black.
Q. Was it a gun?
A. Yes.
The victim's version of the altercation was disputed by T.N. and a co-defendant. They denied that T.N. had a gun. No weapon was recovered from T.N. or presented in evidence.
At the adjudicatory hearing, defense counsel moved for a judgment of acquittal as to all counts involving a firearm. The Florida Rules of Juvenile Procedure do not provide for a motion for judgment of acquittal. However, rule 8.110(k)[1] permits a juvenile to move for a judgment of dismissal at the close of the state's case in chief, if the evidence is not sufficient to establish a prima facie case of guilt. A.P.R. v. State, 894 So.2d 282 (Fla. 5th DCA 2005); J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003).
The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case. Id. Such a motion tests the legal sufficiency of the evidence presented by the state. G.G. v. State, 903 So.2d 1031 (Fla. 4th DCA 2005); A.P.R. The denial of a motion for judgment of dismissal is reviewed by this court de novo. Id.
T.N. argues there was insufficient evidence that he committed attempted robbery with a weapon.[2] Although the statute does not define weapon, the definition of weapon in the Florida Standard Jury Instructions is a correct statement of the law. Dale v. State, 703 So.2d 1045 (Fla. 1997). They define "weapon" as "any object that could be used to cause death or inflict serious bodily injury." Fla. Std. Jury Inst. (Crim.) 15.1.
In this case, no weapon was recovered or proffered in evidence. But that is not dispositive. See Suit v. State, 901 So.2d 986 (Fla. 4th DCA), rev. denied, 915 So.2d 1197 (Fla.2005); Akins v. State, 838 So.2d 637 (Fla. 5th DCA 2003). A victim's testimony is sufficient to establish that a defendant was armed with a firearm during a robbery. See O'Brien v. State, 546 So.2d 32 (Fla. 3d DCA 1989) (victim's testimony that the defendant lifted his shirt, revealing the handle of a gun protruding from his waistband, held sufficient to establish the defendant was armed with a firearm); Akins v. State, 838 So.2d 637 (Fla. 5th DCA 2003) (victim's testimony that the defendant placed a firearm on the counter of a convenience store while demanding the clerk/victim give him money and that she believed it was a sawed-off shotgun sufficient to support defendant's conviction for armed robbery). We conclude the trial judge was correct in determining there was sufficient evidence to support a finding that T.N. possessed a weapon.
At the disposition hearing, the Department recommended probation. The *1136 trial court rejected this recommendation on the ground that it was "insufficient to provide adequate protection for the community." The consideration of public safety is a legitimate concern in determining placement. See J.L.K. v. State, 894 So.2d 984 (Fla. 1st DCA 2004). However, the record does not disclose that the judge considered T.N.'s needs in disregarding the Department's recommendation. Section 985.23(2) provides:
985.23. Disposition hearings in delinquency cases:
When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
* * *
(2) The first determination to be made by the court is a determination of the suitability or nonsuitability for adjudication and commitment of the child to the department. This determination shall include consideration of the recommendations of the department, which may include a predisposition report. The predisposition report shall include, whether as part of the child's multidisciplinary assessment, classification, and placement process components or separately, evaluation of the following criteria:
(a) The seriousness of the offense to the community. If the court determines that the child was a member of a criminal street gang at the time of the commission of the offense, which determination shall be made pursuant to chapter 874, the seriousness of the offense to the community shall be given great weight.
(b) Whether the protection of the community requires adjudication and commitment to the department.
(c) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
(d) Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
(e) The sophistication and maturity of the child.
(f) The record and previous criminal history of the child, including without limitations:
1. Previous contacts with the department, the former Department of Health and Rehabilitative Services, the Department of Children and Family Services, the Department of Corrections, other law enforcement agencies, and courts;
2. Prior periods of probation;
3. Prior adjudications of delinquency; and
4. Prior commitments to institutions.
(g) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if committed to a community services program or facility.
(h) The child's educational status, including, but not limited to, the child's strengths, abilities, and unmet and special educational needs. The report shall identify appropriate educational and vocational goals for the child. Examples of appropriate goals include:
1. Attainment of a high school diploma or its equivalent.
2. Successful completion of literacy course(s).
3. Successful completion of vocational course(s).
4. Successful attendance and completion of the child's current grade if enrolled in school.
5. Enrollment in an apprenticeship or a similar program.

*1137 At the time of disposition, the court may make recommendations to the department as to specific treatment approaches to be employed.
A trial court may disregard the recommendations of the Department pursuant to section 985.23(3)(c).[3] However, in doing so, the court must state the reasons, and also make reference to the characteristics of the restrictiveness level and the needs of the child. S.S.M. v. State, 814 So.2d 1234 (Fla. 5th DCA 2002); A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999).
The judge in this case considered the nature of the crime committed by T.N., but he did not consider the characteristic of the restrictiveness level or T.N.'s needs. According to defense counsel, T.N. has no prior convictions (although he was involved in a cocaine case which had been nol prossed at the time of the hearing) and had been placed on a behavior order after trial, and has done "okay" with no additional problems.
Accordingly, we reverse the commitment order and remand to either place T.N. according to the Department's recommendation, or to resentence based on the record, with stated reasons and reference to the statutory considerations in section 985.23(3)(c). See S.S.M. (trial court's action in committing juvenile to level 8, high-risk residential program, which was in disregard of the recommendation of the Department constituted error, where court made no reference to level 8 restrictiveness level or how such level served the needs of juvenile); A.G. (reversing disposition order which imposed level 8 disposition, over the Department's level 6 recommendation, where reasons constituted only disagreement with the Department's recommendations and failed to reference the commitment level with respect to the juvenile's needs). In its discretion, the court may conduct another disposition hearing.
Adjudication AFFIRMED, REVERSED and REMANDED for RESENTENCING.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] Rule 8.110. Adjudicatory Hearings

(k) Motion for Judgment of Dismissal. If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, or on the motion of the state attorney or the child shall, enter an order dismissing the petition for insufficiency of the evidence.
[2] § 812.13(2)(b), Fla. Stat.
[3] 985.23. Disposition hearings in delinquency cases

When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
* * *
(3)(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this paragraph.