# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0484
Lower Tribunal No. F08-9474
_____

**Terence D. Jones,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Terence D. Jones, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See Beiro v. State, 289 So. 3d 511, 511–12 (Fla. 3d DCA 2019) (noting the "extremely limited concept of manifest injustice" and that "[t]he mere incantation of the words 'manifest injustice' does not make it so"); Cuffy v. State, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) (explaining that "rule 3.850 contains no 'manifest injustice' exception to the rule's time limitation or bar against filing successive postconviction motions"); see also Austin v. State, 336 So. 2d 480, 481–82 (Fla. 3d DCA 1976) ("The question of whether a particular weapon involved is to be classed as 'deadly' is a factual question to be resolved by the jury. The jury's finding must be based upon evidence or reasonable inferences therefrom of the likelihood to produce death or great bodily injury. The jury may consider the character of the assault and the way the weapon is used." (citations omitted)); Jones v. State, 121 So. 3d 559 (Fla. 3d DCA 2013); Jones v. State, 91 So. 3d 145 (Fla. 3d DCA 2012); Jones v. State, 88 So. 3d 949 (Fla. 3d DCA 2012); Jones v. State, 38 So. 3d 149 (Fla. 3d DCA 2010).