214 So.2d 751 (1968)
Andrew FORCHION, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-988.
District Court of Appeal of Florida. Third District.
June 4, 1968.
As Modified on Rehearing July 25, 1968.
*752 Robert L. Koeppel, Public Defender and Herbert M. Klein, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arthur L. Rothenberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
The appellant was found and adjudged guilty, on trial before the court, of the separately charged offenses of malicious destruction of personal property and aggravated assault. On the former he was sentenced to be confined in the county jail for 81 days. On the latter he was sentenced to imprisonment in the state penitentiary for a term of 5 years. The defendant then took this appeal.
The appellant does not challenge the conviction and sentence for malicious destruction of personal property. With reference to the charge of aggravated assault, the appellant concedes the evidence is sufficient to support a conviction for the lesser included offense of assault and battery, but argues the state failed to prove that the assault was made with a deadly weapon. We hold the latter contention of the appellant has merit.
The defendant was one of several persons who entered a store and created a commotion. They were asked to leave by an employee named Collins, who informed them that he had called the police. They departed, but prior to leaving they smashed or broke several articles of personal property and the defendant, from a distance of from twelve to fifteen feet yelled at Collins and threw an object at him which hit Collins on the arm inflicting minor injury. The object thrown was described as "what looked like part of a broom handle" approximately two feet in length.
In Goswick v. State, Fla. 1962, 143 So.2d 817, 820, it was stated that the gist of the crime of aggravated assault as condemned by § 784.04 Fla. Stat., F.S.A. "is found in the character of the weapon with which the assault is made," and "whether or not the weapon involved is to be classed as `deadly' is a factual question to be resolved by the jury under appropriate instructions."
Here the trial judge, as the trier of the facts in the absence of a jury, considered that the stick thrown by the defendant at Collins should be classified as a deadly weapon within the meaning of the statute condemning aggravated assault. We are unable to agree with the able trial judge in that conclusion.
In the briefs there were cited numerous cases holding that certain implements or objects are deadly weapons, and cases describing others as not having the character. No useful purpose would be accomplished by relisting them here. Whether or not an object is a deadly weapon is not to be determined upon its capability of producing death but rather on its likelihood to produce death or great bodily injury.
Accordingly, the conviction and sentence for aggravated assault is reversed and the cause is remanded with directions as to the latter to adjudge the defendant guilty of the lesser included offense of assault and battery and impose sentence thereon. See Brown v. State, Fla. 1968, 206 So.2d 377; Goswick v. State, supra.