484 So.2d 84 (1986)
Mary Dressel HESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-928.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*85 Jack T. Edmund, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant contends that there was insufficient evidence to sustain her convictions of aggravated assault and culpable negligence.
There were substantial conflicts in the testimony. Because appellant was convicted, we shall review the evidence in the light most favorable to the state. When appellant's husband picked up appellant's daughter on the way home from her school, she was crying. She told him that some men had followed her and that she was frightened. Appellant's husband accosted some nearby prisoners who were working under the supervision of a Department of Transportation employee, but they denied having harassed the girl. He then came home and picked up appellant. They left in their Bronco truck looking for the men who had scared appellant's daughter. Appellant had a crossbow in her lap, and her husband carried a spear gun. They soon flagged down a Florida Power Company truck which they thought had been parked near the school bus stop where the daughter had been approached. Appellant's husband ran toward the Florida Power truck with the spear gun in his hand. The two Florida Power employees in the truck were frightened and drove off. Appellant's husband returned to the Bronco and began to chase the other vehicle. He pulled alongside the Florida Power truck and told his wife to tell them to stop. From his vantage point, the driver of the Florida Power truck could see the cocked crossbow in appellant's lap. While he saw no arrows in the crossbow, he did see her raise it as if to shoot at him. The driver ducked, and when he did so the two vehicles collided. The passenger in the Florida Power truck was injured. Appellant said she had no arrows for the crossbow with her and none were found.
The "aggravation" which the state relies upon to convict appellant of aggravated assault is that she committed the assault with a deadly weapon. There was no proof that appellant had any arrows which she could have shot from the crossbow. However, the evidence supports the conclusion that the driver of the Florida Power truck had reason to believe that she was going to discharge the crossbow at him. Under these circumstances, can a crossbow be *86 deemed a deadly weapon for purposes of aggravated assault?
A deadly weapon is defined as one likely to produce death or great bodily injury. Goswick v. State, 143 So.2d 817 (Fla. 1962). An unloaded gun has been deemed to be a deadly weapon as a matter of fact, Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970), and as a matter of law. M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982). However, if the instrument used is not a gun, Florida courts apply an objective test and look only to the nature and actual use of the instrument, Morales v. State, 431 So.2d 648 (Fla. 3d DCA 1983), even where fear on the part of the victim is an element of the crime. M.M. v. State, 391 So.2d 366 (Fla. 1st DCA 1980).
From an objective standpoint, appellant's use of the crossbow could not be characterized as an assault with a deadly weapon. Without arrows, the weapon as it was intended to be used could not have inflicted injury upon another. Accord Streetman v. State, 455 So.2d 1080 (Fla. 2d DCA 1984) (use of a fake bomb to rob a bank does not constitute robbery with a weapon); McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978) (cigarette lighter shaped like a gun is not a deadly weapon when simply pointed at another). Therefore, the court should have granted appellant's motion for acquittal of aggravated assault.
We reject appellant's argument that she could not be convicted of culpable negligence pursuant to section 784.05(2), Florida Statutes (1983). The jury was entitled to conclude from the evidence that her conduct in pointing the crossbow at the other driver constituted culpable negligence which caused the accident and thereby injured the passenger in the Florida Power truck.
The conviction of culpable negligence is affirmed. The conviction of aggravated assault is reversed because appellant did not use a deadly weapon in the commission of the crime. Since all of the elements of assault against the other driver were present, the conviction of aggravated assault should be reduced to simple assault. The case is remanded for resentencing on that charge.
DANAHY and SCHOONOVER, JJ., concur.