493 So.2d 1093 (1986)
Henry E. McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-583.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*1094 John H. Lipinski, Miami, and Martin Lemlich, Miami Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant seeks reversal of his conviction and sentence on five counts of aggravated assault with a deadly weapon in violation of section 784.021, Florida Statutes (1985).
A female security officer at a K-Mart store observed a woman shoplifting. The security officer followed the woman to another part of the store and saw her meet and speak to appellant. The officer continued to watch as the couple walked over to the cash registers where appellant paid for his purchases. Outside the store, the officer asked the couple to return to the store since she suspected that the woman had stolen something. The woman reluctantly agreed, but appellant refused. When appellant attempted to leave, several K-Mart employees grabbed him, put him in a hammer lock, and forced him into the store. Inside the store, appellant freed himself and pulled a small pocketknife out of his pocket. With his back to the wall, appellant waved the knife at the employees who had formed a semicircle around him, and told them to leave him alone. Several employees testified that appellant did not try to stab or slash them, but tried to keep them away from him.
Appellant maintained throughout the trial that he acted out of fear and to protect himself from the employees. The store's assistant manager testified that he believed appellant was in great fear. According to the record, appellant had the pocketknife in his possession because he used it at work to open boxes. Appellant moved for judgment of acquittal at the close of the state's case, and raised as part of his argument for acquittal the state's failure to prove that the small pocketknife constituted a deadly weapon. At the close of all of the evidence he again moved for a judgment of acquittal, and alleged that the state had failed to overcome his claim of self-defense.
Appellant raises three points on appeal. He claims that the trial court erred by failing to grant a judgment of acquittal because the state failed to prove that the pocketknife constituted a deadly weapon and because the state failed to overcome appellant's defense of self-defense; that the trial court erred by failing to give a proper instruction on self-defense; and that the trial court erred when it departed from the sentencing guidelines.
The trial court properly submitted the question of whether the small pocketknife or the manner in which it was used constituted an assault with a deadly weapon. *1095 Although appellant argues that the state failed to introduce any evidence at trial that would establish the pocketknife as a deadly weapon per se, we believe there was sufficient evidence from which the jury could have concluded the manner in which appellant used the small pocketknife constituted an assault with a deadly weapon. The trial court properly instructed the jury that "a weapon is a deadly weapon if it is used or threatened to be used in a way likely to cause death or great bodily harm." Therefore, we find no error in the trial court's failure to grant a judgment of acquittal in favor of the appellant.
However, we do find merit in appellant's contention that the manner in which the trial court instructed the jury on self-defense improperly shifted the focus of the instruction from the defense of self-defense to the question of whether the force used constituted a justifiable use of force likely to cause death or great bodily harm. The trial court first instructed the jury:
There has been raised as a defense that the defendant was justified in the use of force likely to cause death or great bodily harm against the victims.
Standard Jury Instruction 3.04(d) provides that the trial judge should read in all cases the following instruction:
An issue in this case is whether the defendant acted in self defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of force likely to cause death or great bodily harm.
The trial judge went on to read the instructions that normally follow the foregoing instruction, but again modified the general instruction to be read in all cases:
If in your consideration of the issue of justifiable use of force likely to cause death or great bodily harm you have a reasonable doubt on the question of whether or not the defendant was justified in the use of force, you should find the defendant not guilty.
The Standard Jury Instruction provides:
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether or not the defendant was justified in the use of force likely to cause death or great bodily harm, you should find the defendant not guilty.
Although the difference between the instructions given by the court from those of the Standard Jury Instructions may appear insignificant when taken in the context of the entire charge, we conclude that the trial court's instruction was misleading and confusing. Therefore, we reject appellee's argument that we should construe any error in the instructions as harmless error.
A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is evidence introduced to support the instruction.
Hudson v. State, 408 So.2d 224, 225 (Fla. 4th DCA 1981). We hold that the trial court's failure to give the instruction on self-defense as provided in the Standard Jury Instructions constituted reversible error.
Finally, since this case is being remanded for a new trial, we note that the trial court relied upon invalid reasons for its departure from the sentencing guidelines. State v. Mischler, 488 So.2d 523 (Fla. 1986); State v. Davis, 477 So.2d 565 (Fla. 1985); Callaghan v. State, 462 So.2d 832 (Fla. 4th DCA 1984); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984).
REVERSED and REMANDED for a new trial.
GLICKSTEIN, J., and FEDER, RICHARD YALE, Associate Judge, concur.