779 So.2d 466 (2000)
Thomas KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1908.
District Court of Appeal of Florida, Second District.
October 25, 2000.
James Marion Moorman, Public Defender, and Bruno F. DeZayas, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Thomas King appeals his convictions and sentences for armed burglary of a dwelling, aggravated battery, and felony petit theft. He raises three issues challenging (1) the sufficiency of the evidence for the armed burglary conviction; (2) the admissibility of statements that he made after his arrest; and (3) the constitutionality of his prison releasee reoffender sentence. We conclude that the evidence was sufficient to sustain the armed burglary conviction; however, on this point, we certify a question to the Florida Supreme Court as one of great public importance. We find no merit to the remaining issues because King's statements, made after he *467 was given a Miranda[1] warning, were shown to be voluntary, and his constitutional challenges to the Prison Releasee Reoffender Act have been rejected in State v. Cotton, 769 So.2d 345 (Fla.2000), and Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, 761 So.2d 329 (Fla. 2000).
King argues that the evidence was insufficient to prove armed burglary because he was armed with a piece of a broken crossbow that was not a "dangerous weapon" as that term is used in section 810.02(2)(b), Florida Statutes (1997). The State argues that the issue presented a jury question, relying on Dale v. State, 703 So.2d 1045 (Fla.1997).
In Dale, the supreme court acknowledged that "a deadly weapon" is generally defined as a weapon "likely to produce death or great bodily injury." Id. at 1047. The court held that whether a BB or pellet gun was a deadly weapon was a factual question to be answered by the jury in each case. Id. In Mitchell v. State, 698 So.2d 555, 560. n. 6 (Fla. 2d DCA), approved, 703 So.2d 1062 (Fla.1997), this court discussed the distinction between the terms "deadly" and "dangerous" weapon, concluding that the terms are now used interchangeably. This court concluded in Mitchell that whether an unloaded BB pistol was a deadly or dangerous weapon was properly a jury question, and affirmed Mitchell's convictions. This court noted, however, that "case law reflects competing, if not conflicting, approaches for replica weapons, toy guns, and items that were used by defendants as if they were deadly weapons." 698 So.2d at 561.
King relies upon Heston v. State, 484 So.2d 84 (Fla. 2d DCA 1986), wherein this court reversed a conviction for aggravated assault where the defendant pointed a crossbow, which had no arrows, at another motorist. This court concluded that the crossbow could not be deemed a deadly weapon for purposes of aggravated assault:
A deadly weapon is defined as one likely to produce death or great bodily injury. An unloaded gun has been deemed to be a deadly weapon as a matter of fact and as a matter of law. However, if the instrument used is not a gun, Florida courts apply an objective test and look only to the nature and actual use of the instrument even where fear on the part of the victim is an element of the crime. From an objective standpoint, appellant's use of the crossbow could not be characterized as an assault with a deadly weapon. Without arrows, the weapon as it was intended to be used could not have inflicted injury upon another. Therefore, the court should have granted appellant's motion for acquittal of aggravated assault.
Heston, 484 So.2d at 86 (internal citations omitted).
If we were to follow Heston, reversal of the dangerous weapon designation would be appropriate. Our reading of Dale, however, leads us to conclude that Dale impliedly overruled Heston. Applying the analysis of Dale to this case, we hold that the dangerous weapon issue was properly submitted to the jury. Recognizing the importance of this issue, we certify the following question to the Florida Supreme Court:
DOES THE HOLDING IN DALE V. STATE, 703 So.2d 1045(FLA.1997), EXTEND TO A REPLICA WEAPON OR OTHER ITEM USED BY A DEFENDANT AS IF IT WERE A DEADLY WEAPON, THEREBY OVERRULING HESTON V. STATE, 484 SO.2D 84 (FLA. 2D DCA 1986)?
Affirmed; question certified.
BLUE, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).