789 So.2d 489 (2001)
James McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2900.
District Court of Appeal of Florida, Second District.
July 6, 2001.
James Marion Moorman, Public Defender, and Jeffrey Sullivan, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
James McCoy appeals his judgments and sentences for armed burglary and burglary of a dwelling. We reverse the conviction for armed burglary in count I and instruct the trial court to enter judgment on the lesser offense of burglary of a *490 dwelling and to resentence Mr. McCoy on this charge accordingly. We affirm the conviction for burglary of a dwelling in count II. We note, however, that the sentence imposed in count II is illegal and request that the trial court review that sentence on remand.
On the evening of October 18, 1999, Mr. McCoy entered the screened porches of two homes in Largo. At the first home, Mr. McCoy cut the screen, entered the porch, and left with a pack of cigarettes and a lighter. No one at this home noticed the burglary while it was in progress. This offense was discovered after Mr. McCoy was apprehended for the second burglary.
At the second home, Mr. McCoy again cut the screen and began to enter the porch. A man at this home heard the ripping sound of the screen and came out onto the porch, armed with a handgun. With amazing composure, he asked Mr. McCoy: "Is there anything I can help you find?" Mr. McCoy responded negatively and then said: "You got me. You got me." Mr. McCoy came out into the light where the man could see him. Mr. McCoy held a small open pocketknife in his hand. He folded the knife and put it inside his pocket. The man testified that Mr. McCoy was "real cooperative." Nothing in the record suggests that Mr. McCoy ever pointed the knife at the man or brandished it in a threatening manner.
For the offense at the second house, Mr. McCoy was charged in count I with armed burglary, a first-degree felony punishable by life imprisonment. See § 810.02(2)(b), Fla. Stat. (1999). Mr. McCoy was convicted as charged and sentenced to life imprisonment as both a habitual offender and a prison releasee reoffender (PRR). For the offense at the first house, Mr. McCoy was charged in count II, and convicted, of burglary of a dwelling, a second-degree felony. See § 810.02(3), Fla. Stat. (1999). He was sentenced to thirty years' imprisonment as both a habitual offender and a PRR. This sentence is concurrent with his life sentence for count I.
Mr. McCoy argues that he could not be convicted of armed burglary because he used the common pocketknife only to cut the screen, and the State presented no evidence that he used the pocketknife as a weapon. His argument is directly supported by the Fourth District's decision in Arroyo v. State, 564 So.2d 1153 (Fla. 4th DCA 1990). The State suggests that Arroyo was effectively overruled by Dale v. State, 703 So.2d 1045 (Fla.1997), which held that the deadliness of a BB gun is a jury question. We conclude that Arroyo is still good law. In the case of a common "pocketknife," which does not fall within the definition of "weapon" in section 790.001(13), Florida Statutes (1999), the State must produce some evidence that the defendant used the pocketknife as a "dangerous weapon" for purposes of section 810.02(2)(b) before the jury may decide that the defendant committed armed burglary. The State did not present such evidence in this case.
We conclude that, as to count I, Mr. McCoy may properly be convicted of burglary of a dwelling, rather than armed burglary. See § 924.34, Fla. Stat. (1999). Thus, we reverse both the judgment and sentence for count I and remand for entry of a new judgment and for resentencing. As to count II, the State concedes that the thirty-year PRR sentence is illegal. For a second-degree felony, the appropriate term is fifteen years. See § 775.082(9)(a)(3)(c), Fla. Stat. (1999).[1] *491 See also Grant v. State, 770 So.2d 655 (Fla.2000).
The State argues that this court may not order the trial court to correct this illegal sentence because Mr. McCoy's attorney did not file a motion to correct the sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). There is a certain irony in the State's argument that this issue is unpreserved because the last party that had the right to correct or preserve this error in the trial court was the State. See Fla. R.Crim. P. 3.800(b)(2). Why the State would want to enforce an illegal sentence against Mr. McCoy when it possessed the power to correct the error is a mystery to this court. We decline to decide today whether we have the power to correct this error as a fundamental error. Because this case is being remanded to the trial court for resentencing, and the trial court has the power to correct the illegal sentence on remand on its own motion, we simply bring this issue to the trial court's attention with the expectation that it will review the legality of this sentence.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Because Mr. McCoy qualifies for lengthy habitual offender sentences, the State may not be inclined to pursue PRR status on remand. In light of the Florida Supreme Court's recent ruling in State v. Huggins, 26 Fla. L. Weekly S174, ___ So.2d ___, 2001 WL 278107 (Fla. Mar. 22, 2001), however, we note that PRR sentencing is not available for burglary of an unoccupied dwelling, as compared to burglary of an occupied dwelling. Although it is obvious that at least the second home was occupied at the time of the offense, in light of the language of the burglary statute, Mr. McCoy was not charged with burglary of an "occupied" dwelling and the jury made no express determination that either dwelling was occupied. It is possible that this precludes PRR sentencing in this case. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). At this time, however, that issue is not before this court and we do not resolve it.