PER CURIAM.
Victor Keith Wilson appeals the denial of his motion for post-conviction relief. His motion raised three claims of ineffective assistance of counsel, only one of which merits discussion. Appellant, who was charged with and convicted of robbery with a weapon (a cap gun), argues that his trial counsel was ineffective for failure to argue in his motion for judgment of acquittal that the robbery was not accomplished with a weapon, because a cap gun does not meet the definition of a weapon. Therefore, at most, he was only guilty of robbery. The trial court summarily denied the motion ruling that there was no reasonable probability that, had counsel argued as appellant suggests, the motion for judgment of acquittal would have been granted, and appellant would have been acquitted of robbery with a weapon. We disagree and reverse. We affirm the other issues raised on appeal.
“Weapon” is defined in section 790.001(13), Florida Statutes (1997), as “any dirk, metallic knuckles, slungshot, bil-lie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocket knife.” A starter pistol, not otherwise used or threatened to be used as a bludgeon, does not constitute a “weapon.” Brooks v. State, 605 So.2d 874, 875 (Fla. 1st DCA 1992), quashed on other grounds, 630 So.2d 527 (Fla.1993); see also Hutchinson v. State, 816 So.2d 1186 (Fla. 2d DCA 2002). A gun lacking a firing pin cannot be the basis for conviction for robbery with a weapon. Stanley v. State, 757 So.2d 1275 (Fla. 4th DCA 2000); compare Dale v. State, 703 So.2d 1045 (Fla.l998)(holding that whether a bb gun is a deadly weapon is a jury question, and evidence supported the jury’s finding that defendant’s bb gun was a deadly weapon).
The state had the burden of proving that the cap gun constituted a weapon. See Evans v. State, 758 So.2d 1282 (Fla. 3d DCA 2000). Appellant’s motion was facially sufficient in alleging that reasonably' competent counsel should have raised the issue that a cap gun did not meet the statutory definition of a weapon. Counsel’s error was prejudicial because if indeed the cap gun did not constitute a weapon, appellant was erroneously convicted of armed robbery rather than robbery as he should have been.
Accordingly, the cause is affirmed in part, reversed in part, and remanded for an evidentiary hearing.
BOOTH, BENTON and VAN NORTWICK, JJ„ concur.