FARMER, J.
Defendant, a juvenile, forcibly entered a home with a pocket knife in his hand. He did not threaten the resident with it or wave it at her. Actually, as soon as he saw her, he turned and immediately ran outside and away from the scene.
Inside, the victim had heard him “jiggling and turning the doorknob.” When he entered she saw the knife in his hand and said she was scared:
“[a] lot of crazy thoughts went through my mind. What he had the ability to do.... He had the ability to come in the *1112 door and no telling what else he could have did. I mean I didn’t have anything to protect myself or nothing.”
The question is whether this testimony is enough to refuse to reduce a charge of first degree armed burglary (with a dangerous weapon) to simple burglary of a dwelling.[1]
Under nearly identical facts in Arroyo v. State, 564 So.2d 1153, 1154 (Fla. 4th DCA 1990), we recognized that a pocket knife could conceivably constitute a dangerous weapon if actually used “in a manner likely to produce death or great bodily injury.” Nevertheless, we held that under the circumstances it did not qualify as a dangerous weapon for purposes of that case.
That decision was released more than a decade ago. Since then the Legislature has not made any attempt to amend the statute to treat all burglars wielding pocket knives as qualifying for first degree burglary, even if they do so non-threateningly. Accordingly, it was error to convict defendant under the first degree burglary statute and to refuse to reduce the conviction to simple burglary of a dwelling.
REVERSED.
WARNER, J., concurs.
STONE, J., concurs specially with opinion.

. § 810.02(l)(a), Fla. Stat. (2001).