885 So.2d 466 (2004)
Willie JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2107.
District Court of Appeal of Florida, Fourth District.
October 27, 2004.
*467 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Willie Jones, was tried by jury and convicted of sexual battery with a deadly weapon, burglary with a battery or while armed, simple battery and resisting arrest without violence. On appeal, Jones claims that the evidence was insufficient to establish that the "stun gun" used to support the sexual battery with a deadly weapon and armed burglary charges was, in fact, a dangerous or deadly weapon. In addition, Jones argues that the trial court committed error in giving a jury instruction on burglary which contained the "remaining in" language. We agree with Jones's argument concerning the weapon, but we find no fundamental error in the jury charge.
The incident occurred on April 25, 2002, in Hollywood, Florida. Jones went to the apartment of the victim and asked if he could see her roommate. The victim informed Jones that the roommate was at work. At that point, Jones exhibited a "stun gun" and told the victim to "get back in the house." Jones pulled the trigger on the device and it emitted a blue light and a *468 buzzing sound. The victim testified that Jones told her to be quiet or he would kill her. Jones then pushed his way into the home, where he later assaulted the victim in her bedroom.
Jones was convicted of sexual battery while using, or threatening to use, a "deadly" weapon and burglary with battery or while armed with a "dangerous" weapon. See §§ 794.011(3), 810.02(1)-(2), Fla. Stat. (2002). Courts have found the two terms, "deadly weapon" and "dangerous weapon," to be interchangeable. See King v. State, 779 So.2d 466 (Fla. 2d DCA 2000). "`A `deadly weapon' has generally been defined to be one likely to produce death or great bodily injury.'" Dale v. State, 703 So.2d 1045, 1047 (Fla.1997)(quoting Goswick v. State, 143 So.2d 817, 820 (Fla.1962), receded from on other grounds, State v. Smith, 240 So.2d 807 (Fla.1970)).
In the instant case, the State had the burden of proving that the stun gun was a deadly weapon. See Wilson v. State, 823 So.2d 855 (Fla. 1st DCA 2002). The State failed to meet its burden since there was no evidence in the record to support a finding that the stun gun was a deadly weapon by its ordinary use or in the manner in which it was used on the victim. See Nguyen v. State, 858 So.2d 1259, 1260 (Fla. 1st DCA 2003)(noting that no case in Florida has determined that a stun gun qualifies as a "deadly weapon" as a matter of law). Thus, we agree that the evidence was legally insufficient to find Jones guilty of sexual battery while using, or threatening to use, a deadly weapon.
As for the burglary charge, the jury found Jones guilty of "burglary with a battery or while armed, as charged in the information." Although Jones could not be convicted of burglary while armed, there was evidence that Jones committed a battery during the course of the burglary. Indeed, the jury found Jones guilty of two separate counts of simple battery, which were committed during the course of the burglary. Accordingly, Jones's conviction for "burglary with a battery or while armed," as charged in the information, must be permitted to stand.
We have considered Jones's argument that the "remaining in" language should not have been included in the burglary instruction, but since the issue was first raised on appeal, we find no fundamental error. The only evidence at trial concerning Jones's entry into the victim's apartment was that he barged in while threatening her with a weapon. Jones can make no plausible argument that, without the instruction, the jury might have acquitted him, believing that he did not form any intent to commit an offense until after he entered the victim's residence. See Roberson v. State, 841 So.2d 490 (Fla. 4th DCA)(holding that the inclusion of the "remaining in" language cannot be fundamental error where there is no dispute that the entry was not consensual), review denied, 848 So.2d 1155 (Fla.2003); Alexandre v. State, 834 So.2d 344, 347 (Fla. 4th DCA 2003)(noting that the error is harmless where there was no plausible way that the jury could have concluded that the defendant formed the intent to assault the victim while he was "remaining in" the dwelling).
In conclusion, we reverse the conviction for sexual battery with a deadly weapon and remand so that the trial judge may enter judgment for the lesser offense of sexual battery pursuant to section 794.011(5). See § 924.34, Fla. Stat. (2004).[1] Additionally, appellant must be *469 re-sentenced accordingly. In all other respects, the judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] In finding the defendant guilty of sexual battery with a deadly weapon under section 794.011(3), the jury necessarily found that defendant was guilty of the unaggravated form of sexual battery enumerated in section 794.011(5), which does not involve physical force or the use of violence. Thus, section 924.34 can be applied in this case without creating any Sixth Amendment concerns under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See Sigler v. State, 881 So.2d 14, 20 (Fla. 4th DCA 2004)(finding section 924.34 unconstitutional in circumstances where "the previous jury determination cannot be deemed to have necessarily found defendant guilty as to every element" of the lesser included offense).