STONE, J.
Suit challenges his conviction for one count of robbery with a deadly weapon and one count of threatening to project, place, or discharge a destructive device. He contends that the evidence at trial did not established the existence of a “deadly weapon” or a “weapon” under an objective standard of proof. We affirm.
The record reflects that Suit walked up to the drive-through window of a Wendy’s and demanded money, displaying an object and voicing threats. The employee operating the window was a sixteen-year-old girl, who did not testify, but, from all pertinent witness accounts, was placed in fear. None of the witnesses could specifically identify the object Suit brandished. The witnesses agreed, however, that Suit threatened to “blow that bitch up” if someone did not open the cash drawer and give him money. There is also testimony that Suit said that it was a bomb.
Suit took the money and ran. He was found hiding in a retention pond. The money was found nearby, but the device was not recovered. Suit’s defense was that it was a case of misidentification and that, in any event, the device in question was not a bomb or a weapon. Suit speculated that the unknown robber took an innocuous battery tester and threatened to blow up the Wendy’s if the employees did not surrender the cash drawer.
The evidence regarding the bomb was circumstantial. None of the witnesses had direct knowledge of the nature of the device; one witness said that it looked like a battery “multi-tester,” and . another said she did not know whether it was a bomb, but it was dark, had a light, and a wire sticking out. A different witness said he was not sure if it was a bomb, but was not afraid because he figured the robber would not want to blow himself up.
The test to determine whether an object is a deadly weapon, where it is not listed as such in the statute, is that “by its use or threatened use, death or great bodily injury is likely to be produced.” Stan *988 ley v. State, 757 So.2d 1275, 1277 (Fla. 4th DCA 2000). In Dale v. State, 703 So.2d 1045 (Fla.1997), the supreme court concluded that the question of “deadliness” of a BB gun was a -proper question for the jury. This ruling has been followed in a string of cases concerning jury determinations of deadliness. See Mitchell v. State, 703 So.2d 1062 (Fla.1997); Jones v. State, 869 So.2d 1240 (Fla. 4th DCA 2004); Stanley, 757 So.2d at 1275; E.S. v. State, 886 So.2d 311 (Fla. 3d DCA 2004); J.W. v. State, 849 So.2d 1111 (Fla. 4th DCA 2003); King v. State, 779 So.2d 466, 467 (Fla. 2d DCA 2000); D.M.H. v. State, 717 So.2d 149 (Fla. 5th DCA 1998). These cases, however, involve items that are either commonly recognizable, like firearms or knives, or items that were actually recovered and placed in evidence, as was the case in Dale. Here, the device was not available for identification or inspection. Nevertheless, the jury is not required to ignore Suit’s own conduct and words, claiming it was a bomb and threatening to explode it.
Further, in Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987), this court affirmed a conviction for robbery with a deadly weapon using dynamite that was never recovered. We note that in Akins v. State, 838 So.2d 637 (Fla. 5th DCA 2003), the Fifth District also affirmed a conviction for robbery with a deadly weapon in the absence of a recovered weapon; there, a weapon described as a sawed-off shotgun.
We recognize that a simple threat with an item does not, alone, render that item deadly for the purpose of sentence enhancement. In Jones v. State, 885 So.2d 466, 468 (Fla. 4th DCA 2004), this court held that evidence was insufficient to establish deadliness of a stun gun used in a sexual battery case, while in Blanco v. State, 679 So.2d 792 (Fla. 3d DCA 1996), the Third District held that the state failed to provide sufficient evidence of deadliness of a soda bottle held against a victim’s neck in a threatening manner as though it were a firearm.
Here, however, there is evidence that the object was a bomb. Certainly, unlike the circumstances in Jones and Blanco, there is no evidence that it was not a bomb. The description by the witnesses and the defendant’s own conduct and words are sufficient to support a jury’s conclusion that it was a bomb. The fact that a device used as a weapon is not recovered is not dispositive.
Therefore, the trial court did not err in denying the motion for judgment of acquittal. As to all other issues raised, we also find no reversible error or abuse of discretion.
Recognizing the need to clarify this issue in cases where a deadly weapon is not recovered, we certify the following question to the supreme court as one of great public importance:
WHETHER UNCERTAIN WITNESS DESCRIPTIONS, COUPLED WITH DEFENDANT’S CONDUCT AND INCRIMINATING STATEMENTS INDICATING THAT THE DEVICE USED AS A THREAT WAS A BOMB, ARE SUFFICIENT TO PROVE THAT THE DEFENDANT CARRIED A “DEADLY” WEAPON IN THE COURSE OF COMMITTING A ROBBERY UNDER SECTION 812.13, FLORIDA STATUTES, WHERE THE DEVICE IS NEVER FOUND?
GUNTHER and STEVENSON, JJ., concur.