WELLS, Chief Judge.
J.P., a juvenile, appeals from an order adjudicating him delinquent for aggravated assault with a deadly weapon. Because the evidence introduced below does not establish that the weapons in this case were used in a manner likely to cause great bodily harm, we reverse.
J.P. was charged below with two counts of aggravated battery for allegedly pointing a BB gun at and throwing rocks at another individual. No evidence was adduced at trial as to the count relating to the BB gun and the count was dismissed. As to the rock throwing charge, the testimony was that J.P. was “tossing [rocks] softly with one hand,” not “throwing [them] hard” but merely “flick[ing]” quarter-sized rocks at the victim. This testimony was legally insufficient to sustain an adjudication for aggravated assault.
To prove aggravated assault, the State had to show that J.P. committed an assault “[w]ith a deadly weapon without *62 intent to kill.” § 784.02100(a), Fla. Stat. (2012). A “deadly weapon” is an item which, “when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm; or any instrument likely to cause great bodily harm because of the way it is used during a crime.” D.B.B. v. State, 997 So.2d 484, 485 (Fla. 2d DCA 2008). The items at issue here, quarter-sized rocks, are not ordinarily likely to cause death or great bodily harm. And based on the evidence adduced below, the rocks were not used in a way likely to cause great bodily harm and in fact caused no harm. See e.g., id. (finding that a bicycle which was thrown at a victim but did not strike her was not a deadly weapon, stating “the manner in which the bicycle was used did not make it likely to cause death or great bodily harm”); E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989) (concluding that a skateboard thrown at a vehicle and denting it was not a deadly weapon); Forchion v. State, 214 So.2d 751, 752 (Fla. 3d DCA 1968) (finding that a two foot long piece of a broom handle thrown from twelve to fifteen feet away and inflicting only minor harm was not a deadly weapon); Rogan v. State, 203 So.2d 24, 25 (Fla. 3d DCA 1967) (determining that a one-foot diameter flower pot filled with dirt which was thrown at a window, breaking the glass but not penetrating the screen, was not a deadly weapon); but see A.H. v. State, 577 So.2d 699 (Fla. 3d DCA 1991) (finding that a baseball-sized rock thrown with such force that when it landed five to ten feet from the victim that it produced a loud boom was a deadly weapon). The evidence adduced below was, therefore, insufficient to establish aggravated assault with a deadly weapon.
The evidence was, however, sufficient to establish that J.P. was guilty of assault. See § 784.011(1), Fla. Stat. (2011) (“An ‘assault’ is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.”); D.B.B., 997 So.2d at 486 (concluding that while throwing a bicycle in a manner not likely to cause great bodily injury or death was insufficient to establish assault with a deadly weapon, it was sufficient to establish simple assault); Rogan, 203 So.2d at 25 (similarly confirming that while throwing a flower pot through a window was insufficient to establish aggravated assault, it was sufficient to support a conviction for assault). We therefore reverse J.P.’s adjudication of delinquency for aggravated assault and remand for the trial court to adjudicate him for assault and to impose a sentence appropriate to that offense.
Reversed and remanded with directions.