PER CURIAM.
The appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Pro-" *1089 cedure 3.850. For the reasons discussed below, we reverse and remand for further proceedings.
The appellant entered into negotiated pleas in two cases to charges of car-jacking with a deadly weapon in exchange for concurrent sentences of 18 years’ imprisonment. He alleges that the deadly weapon was a BB gun that did not constitute a deadly weapon. The appellant alleges that counsel erroneously advised him that the BB gun constituted a deadly weapon merely because it was used during the crimes. If the appellant’s allegations are true, that advice is erroneous. A BB gun can constitute a deadly weapon, but that is a factual determination for the jury. Dale v. State, 703 So.2d 1045 (Fla.1997). In order to prove a BB gun is a deadly weapon, the State must prove that the BB gun was “used or threatened to be used in a way likely to produce death or great bodily harm.” Fla. Std. Jury Instr. (Crim.) 15.2. The appellant alleges that the State could not provide any evidence showing that the BB gun used during the crimes was a deadly weapon.[1] He asserts that if he had known that the State could not prove he used a deadly weapon, he would not have entered his plea.
There is nothing in the, record before this Court that refutes any of the appellant’s allegations regarding the advice he received or whether the State could have proved that the BB gun constituted a deadly weapon. Thus, we reverse and remand for the trial court to' attach portions of the record refuting the appellant’s allegations or to hold an evidentiary hearing.
REVERSED and REMANDED for further proceedings consistent with this opinion. ■
LEWIS, WETHERELL, and MAKAR, JJ., concur.

. The appellant alleges that the BB gun was never recovered. That does not preclude a finding that it was' a deadly weapon. Cf. Suit v. State, 901 So.2d 986 (Fla. 4th DCA 2005) (holding that evidence was sufficient to show that device used by defendant during robbery was a bomb so as- to support conviction for robbery with a deadly weapon, even though the device was never recovered); Akins v. State, 838 So.2d 637 (Fla 5th DCA 2003) (affirming a conviction for robbery with a deadly weapon in the absence of a recovered weapon, where weapon was described as a sawed off shotgun).