Ciklin, C.J.
James Saint-Fort (“the defendant”) challenges his conviction for trespass while armed with a dangerous weapon. He argues that the rock he raised up and aimed—but did not throw—at a security guard could not constitute a dangerous weapon under section 810.09(2)(c), Florida Statutes (2016), and thus his motion for a judgment of acquittal should have been granted and a judgment of guilt entered on the lesser included offense of trespass. We disagree and affirm.
The evidence adduced at trial established that the defendant became involved in a heated argument with a security guard at a grocery store regarding the defendant’s trespass on the commercial property. The defendant threatened to hit the guard over the head with a brick. The defendant then walked across the street where he retrieved a rock from a construction site. The rock was “big enough that [the security guard] could see it from across the street.” The defendant ran back toward the guard, who yelled, “Don’t come onto the property, don’t cross.” Instead of heeding the command, the defendant “hurdled the bushes” and came within six feet of the security guard. The defendant lifted his arm and drew it back as if to throw the rock at the guard. When the guard unhol-stered his gun, the defendant fled. Upon his arrest, the rock was recovered. It was ultimately entered into evidence at trial.
Section 810.09(2)(c) provides that the offense of trespass is a felony of the third degree “[i]f the offender is armed with a firearm or other dangerous weapon during the commission of the offense.” The term “dangerous weapon” is not defined in chapter 810, which governs burglary and trespass. See § 810.011, Fla. Stat. (2015). However, the standard jury instruction for trespass on property other than a structure or conveyance defines “dangerous weapon” as “any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.” Fla. Std. Jury Instr. (Crim.) 13.4. Our courts have thus looked to whether a weapon has been used in a manner likely to cause great bodily harm or death in determining whether a weapon is a dangerous weapon. See Brown v. State, 896 So.2d 808, 810 (Fla. 5th DCA 2005) (finding an antique firearm the defendant stole during the course of a burglary was not a dangerous weapon); McCoy v. State, 789 So.2d 489, 490 (Fla. 2d DCA 2001) (holding that a pocketknife used to cut a porch screen during a burglary was not a dangerous weapon); Arroyo v. State, 564 So.2d 1153, 1154-55 (Fla. 4th DCA 1990) (holding that a pocketknife found on a burglar was not a dangerous weapon *626 where the burglar did not make any threatening gestures with the knife).
Additionally, because our courts have viewed the terms “dangerous weapon” and “deadly weapon” as having the same meaning, see Jones v. State, 885 So.2d 466, 468 (Fla. 4th DCA 2004); King v. State, 779 So,2d 466, 467 (Fla. 2d DCA 2000), opinions involving the classification of a weapon as a deadly weapon provide guidance. This court has explained that whether a weapon is deadly “ ‘is a question of fact to be determined by the jury from the evidence, taking into consideration its size, shape and material and the manner in which it was used or was capable of being used.’ ” Simmons v. State, 780 So.2d 263, 265 (Fla. 4th DCA 2001) (quoting Duba v. State, 446 So.2d 1167, 1169 (Fla. 5th DCA 1984)). Further, “a simple threat with an item does not, alone, render that item deadly for the purpose of sentence enhancement.” Suit v. State, 901 So.2d 986, 988 (Fla. 4th DCA 2005).
Under certain circumstances, a rock can be a dangerous or deadly weapon. Compare J.P. v. State, 128 So.3d 61, 61-62 (Fla. 3d DCA 2013) (finding that quarter-sized rocks the child was “merely flick[ing]” at the victim did not constitute deadly weapons (alteration in original)), with A.H. v. State, 577 So.2d 699, 700 (Fla. 3d DCA 1991) (finding a rock was a deadly weapon where it was the size of a baseball and was thrown at the victim but “hit[ ] a nearby wall with a loud ‘boom’ five to ten feet from where the [victim] was standing”).
The defendant argues that the rock in this case did not constitute a deadly weapon because the defendant merely displayed it and caused no harm. Opinions of this court have held that the threatened use of an object in a manner likely to cause death or great bodily harm may transform the object into a deadly or dangerous weapon.
In McCoy v. State, 493 So.2d 1093, 1094 (Fla. 4th DCA 1986), a suspected shoplifter broke away from store employees and pulled a small pocketknife out of his pocket. With his back to the wall, he waved it at the employees and warned them to leave him alone. Id. The employees testified that the defendant did not attempt to hurt them. Id. On appeal of his conviction for multiple counts of aggravated assault with a deadly weapon, this court affirmed, reasoning that “there was sufficient evidence from which the jury could have concluded the manner in which appellant used the small pocketknife constituted an assault with a deadly weapon.” Id. at 1095.
In another case, this court found that an unknown object constituted a deadly weapon where the defendant walked up to a drive-through window of a restaurant, displayed what appeared to be a bomb, and threatened to “blow that bitch up” if someone didn’t open the cash drawer and give him money. Suit, 901 So.2d at 987-88. The court noted that the fact that the object was not recovered was not dispositive. Id. at 988.
In a third case, this court implied that behavior indicating the planned use of a pocketknife would have established that it was a dangerous weapon for purposes of enhancement under the burglary statute. J.W. v. State, 849 So.2d 1111, 1111-12 (Fla. 4th DCA 2003) (finding that a pocketknife was not a dangerous weapon where the defendant forcibly entered a home with the pocketknife in his hand but “did not threaten the resident with it or wave it at her”); see also Santiago v. State, 900 So.2d 710, 712 (Fla. 3d DCA 2005) (“[A] jury may conclude that a weapon is either a dangerous or a deadly weapon where the defendant’s words or his actions imply that the weapon is dangerous or deadly.”).
*627 Had the defendant thrown the rock in a manner that was not likely to cause death or great bodily harm, the rock could not be classified as a dangerous weapon. See J.P., 128 So.3d at 61-62 (finding small rocks that were “toss[ed] ... softly” and “merely flick[ed]” at victim were not deadly weapons); E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989) (concluding that an unknown object—either a skateboard or rock—thrown at a vehicle and denting it was not a deadly weapon); Forchion v. State, 214 So.2d 751, 752 (Fla. 3d DCA 1968) (finding that a two-foot long piece of a broom handle thrown from twelve to fifteen feet away and inflicting only minor harm was not a deadly weapon). That is not what happened here. Instead, the defendant threatened to hit the guard over the head with a heavy object. He then went and found one, took aim, and retreated only when the guard drew his gun.
This is not a case involving a “simple threat” or a threat it was not clear the defendant could carry, out. The rock was entered into evidence, giving the jury the opportunity to assess its size and weight and whether it was capable of inflicting the great bodily harm that was threatened. Based on the foregoing, we find the trial court did not err in denying the motion for judgment of acquittal and we affirm.

Affirmed.

Gross and Kuntz, JJ., concur.